IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EMORY RUSSELL; STEVE LYMAN;
GARY KELLEY; LEE MALLOY;
LARRY ROBINSON; GARY HAMILTON;
ART SCHAAP; and GUY SMITH,

    Plaintiffs,

vs.                                                                 No. CIV-13-00760 KG/LAM

ESTEVAN LOPEZ, Individually and in his Official
Capacity as Director of the NEW MEXICO INTERSTATE
STREAM COMMISSION; TOMMY MUTZ, Individually
and in his Official Capacity as Director of the NEW MEXICO
STATE PARKS DIVISION,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On September 9, 2014, Plaintiffs filed a Motion to Alter or Amend Judgment and Memorandum Brief in Support Thereof (Motion to Alter or Amend Judgment) (Doc. 77), wherein they request that the Court reverse its ruling in a Memorandum Opinion and Order (MOO) granting Defendants' attorneys' fees and costs.[1] (Doc. 74). On September 23, 2014, Defendants responded, and on October 1, 2014, Plaintiffs filed a reply. (Docs. 80 and 82). The Court, having considered Plaintiffs' Motion to Alter or Amend Judgment, the accompanying briefs, and relevant law, finds that the Motion to Alter or Amend Judgment is well-taken and will be GRANTED.

    *I.    Background*

---

[1] The Court notes that Plaintiffs incorrectly moved the Court to amend the Final Order Granting Summary Judgment and Dismissal of Certain Claims (Order) (Doc. 75). The Court's Order (Doc. 75), does not grant nor state that Defendants are entitled to reasonable attorneys' fees and costs. Instead, Plaintiffs should have cited to the Court's MOO (Doc. 74). Consequently, the Court will construe Plaintiffs' Motion to Alter or Amend Judgment as a Rule 59(e) motion to amend the Court's findings of fact and conclusions of law pertaining to the award of attorneys' fees and costs in (Doc. 74).

On August 23, 2013, Plaintiffs filed a First Amended Complaint (Doc. 4), alleging a Fourteenth Amendment procedural due process violation under 42 U.S.C. § 1983 (Count I), and breach of contract under New Mexico state law (Count II). (Doc. 4). On August 29, 2014, the Court granted Defendants' Motion for Summary Judgment on Plaintiffs' Section 1983 claim, finding no constitutionally protected property interest in the parties' License Agreements. (Doc. 74) at 17. The Court also dismissed Plaintiffs' remaining Count II claims against Defendants Estevan Lopez and Tommy Mutz, in their official capacities.[2] *Id.* at 10.

Furthermore, the Court undertook an analysis of whether Defendants were entitled to attorneys' fees and costs pursuant to Section 6 of the License Agreement, which states in relevant part, "Licensee shall further indemnify the Commission for any attorneys' fees incurred in connection with, and/or staff attorneys' salaries allocable to any action the Commission takes to enforce this agreement." *Id.* at 17. In their response brief, Plaintiffs argued that Defendants were not entitled to attorneys' fees and costs "because Defendants did not instigate the litigation to enforce the License Agreements, as required in Section 6 of the License Agreements." *Id.* Defendants, on the other hand, contended that the plain language of Section 6 entitled Defendants to "all attorneys' fees and costs incurred in the defense of this lawsuit." *Id.* The Court determined that Section 6, by its plain language, authorized Defendants attorneys' fees and costs for "any action" Defendants undertook to enforce the License Agreements. *Id.* at 18. The Court, thus, concluded that Defendants were entitled to reasonable attorneys' fees and costs. *Id.*

On September 9, 2014, Plaintiffs filed their timely Motion to Alter or Amend Judgment. (Doc. 77). Defendants oppose Plaintiffs' motion in its entirety. (Doc. 80).

On September 15, 2014, in compliance with the Court's August 29, 2014, MOO,

---

[2] In their summary judgment briefing, Plaintiffs voluntarily dismissed their claims in Count II against Defendant New Mexico Interstate Stream Commission, Defendant New Mexico Energy, Minerals and Natural Resources Division, and Defendants Estevan Lopez and Tommy Mutz, in their individual capacities. (Doc. 74) at 9-10.

2

Defendants filed their Attorney Fee Application.  (Doc. 78).  On September 22, 2014, Plaintiffs objected to Defendants' Attorney Fee Application, articulating identical arguments put forth in Plaintiffs' Motion to Alter or Amend Judgment.  (Doc. 79).

II.   *Discussion*

Plaintiffs bring this Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e).  Plaintiffs seek to have the Court amend its Final Order Granting Summary Judgment and Dismissal of Certain Claims (Doc. 75), to deny Defendants' request for reasonable attorneys' fees and costs.  In the Motion to Alter or Amend Judgment, Plaintiffs raise three arguments and present authority that Plaintiffs failed to address in their summary judgment briefing.  First, Plaintiffs argue that 42 U.S.C. § 1988 prohibits a prevailing defendant in a civil rights lawsuit from recovering attorneys' fees absent a showing that the "suit 'was vexatious, frivolous, or brought to harass or embarrass the defendant.'"  (Doc. 77) at 3 (citing *Mitchell v. City of Moore, OK*, 218 F.3d 1190 (10th Cir. 2000)).  Second, Plaintiffs claim that the attorneys' fees provision of the License Agreement is unconscionable and violates New Mexico public policy.  (Doc. 77) at 3-5.  Third, assuming the Court denies Plaintiffs' Motion to Alter or Amend Judgment, Plaintiffs assert that the Court should limit the award for attorneys' fees and costs to the state law breach of contract claim.  (Doc. 77) at 5-6.  Plaintiffs, assuming *arguendo* that the state contract is valid and does allow for an award for attorneys' fees, claim that federal law, specifically Section 1988, preempts the state contract.  *See* (Doc. 82).  Defendant primarily contests these arguments because Plaintiffs did not raise these issues in their response to Defendants' Motion for Summary Judgment.  *See* (Doc. 80).

   A.  *Whether Plaintiff is Entitled to Rule 59(e) Relief*

The Tenth Circuit recognizes only certain grounds for granting a Rule 59(e) motion,

including: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Id.*  In contrast, a motion under Rule 59(e) that relitigates the same issues, presents new theories, introduces previously available evidence that was not proffered, or reargues the merits is not appropriate.  *Id.* (internal citation omitted). The decision to grant or deny a Rule 59(e) motion is left to the sound discretion of the trial court. *See Minshall v. McGraw Hill Broadcasting Co., Inc.*, 323 F.3d 1273, 1287 (10th Cir. 2003) (citation omitted).

Here, Plaintiffs—for the first time—raise three theories in their Motion to Alter or Amend Judgment that Plaintiffs failed to address in their response brief to Defendants' Motion for Summary Judgment and in Plaintiffs' Cross-Motion for Summary Judgment.  *See* (Docs. 59 and 61).  Specifically, Plaintiffs contend that (1) Section 1988 governs the award of attorneys' fees and costs to prevailing defendants in a civil rights case, (2) the attorneys' fees provision of the License Agreement is unconscionable and violates public policy, and (3) the Court should limit Defendants' award of attorneys' fees to Plaintiffs' breach of contract claim.  Plaintiffs do not dispute the fact that they never advanced these three theories in their prior briefing.  *See* (Doc. 82).  Consequently, Plaintiffs' new theories are inappropriately raised in a Rule 59(e) motion to amend.  *See Servants of Paraclete*, 204 F.3d at 1012 (holding Rule 59(e) motion inappropriate when movant "advance[s] arguments that could have been raised in prior briefing.").  Nevertheless, Plaintiffs' first theory—that Section 1988 governs the award of attorneys' fees as to Plaintiffs' Section 1983 claim—requires further analysis to determine whether it is necessary to amend this Court's August 29, 2014, MOO, to "correct clear error or

prevent manifest injustice."

### B. Whether Amendment is Warranted

Federal preemption occurs "when compliance with both the federal and state laws is a physical impossibility, or when the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Sw. Bell Wireless, Inc. v. Johnson Cnty. Bd. of Cnty. Comm'rs,* 199 F.3d 1185, 1190 (10th Cir. 1999). Under Section 1988, "the court, in its discretion, may allow the prevailing party" in a Section 1983 action "reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). The purpose of this fee-shifting provision is "to encourage attorneys to litigate civil rights violations." *Copar Pumice Co., Inc. v. Morris*, 2012 WL 2383667, at *13 (D.N.M.). A prevailing defendant in a Section 1983 suit, however, may recover attorneys' "fees only if the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Mitchell v. City of Moore*, 218 F.3d 1190, 1203 (10th Cir. 2000) (quotations omitted). "This is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." *Id.* Moreover, the dismissal of a plaintiff's case on summary judgment does not automatically entitle a prevailing defendant to attorneys' fees. *Id.*

In the instant case, it is uncontroverted that the parties' License Agreements are governed by state law. *See generally Barfield v. Commerce Bank, N.A.*, 484 F.3d 1276, 1278 (10th Cir. 2007) (courts look to state law to determine contours of private contract) (citing *Hampton v. Dillard Dept. Stores, Inc.*, 247 F.3d 1091, 1104 (10th Cir. 2001); 42 U.S.C. § 1988(a)). Section 6 of the License Agreements grants Defendants attorneys' fees for "any action" Defendants take to enforce the parties' contract. This provision is in direct conflict with Section 1988 because it awards attorneys' fees and costs for any purpose, while Section 1988 permits an award to a

5

prevailing defendant in *limited* circumstances.  Furthermore, the broad and mandatory language in Section 6 impedes the objective of Section 1988's fee-shifting provision—to encourage civil rights litigation.  For these reasons, the Court finds that Section 1988 preempts the enforcement of Section 6 of the License Agreements as to Plaintiffs' Section 1983 claim in this case.

The Court further finds that Defendants are not entitled to an award of attorneys' fees and costs under Section 1988.  Defendants do not contend, nor have they ever argued, that Plaintiffs' Section 1983 claim was "vexatious, frivolous, or brought to harass or embarrass" Defendants.

Therefore, upon review of Plaintiffs' Motion to Alter or Amend Judgment, this Court determines it will grant Plaintiff's Motion to Alter or Amend Judgment to prevent manifest injustice.  Thus, with this Order, the Court hereby amends its previous MOO, (Doc. 74) at *Section IV.D*, to limit Defendants' award of attorneys' fees and costs to Plaintiffs' breach of contract claim.

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's [sic] Motion to Alter or Amend Judgment and Memorandum Brief in Support Thereof (Doc. 77) is granted;

2. *Section IV.D* of this Court's Memorandum Opinion and Order (Doc. 74) is amended to limit Defendants' award of attorneys' fees and costs to Plaintiffs' breach of contract claim;

3. Defendants' Attorney Fee Application (Doc. 78) is denied as moot;

4. Defendants shall have fifteen (15) days to submit a new application for attorneys' fees and costs as to Plaintiffs' breach of contract claim; and

5. Plaintiffs shall have an additional ten (10) days to file any objection to the application.

_____
UNITED STATES DISTRICT JUDGE