IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EMORY RUSSELL; STEVE LYMAN;
GARY KELLEY; LEE MALLOY;
LARRY ROBINSON; GARY HAMILTON;
ART SCHAAP; and GUY SMITH,

      Plaintiffs,

vs.                                        No. CIV-13-00760 KG/LAM

ESTEVAN LOPEZ, Individually and in his Official
Capacity as Director of the NEW MEXICO INTERSTATE
STREAM COMMISSION; TOMMY MUTZ, Individually
and in his Official Capacity as Director of the NEW MEXICO
STATE PARKS DIVISION,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants' Supplemental Attorney Fee Application (Supplemental Application), filed on February 24, 2015. (Doc. 86). On March 4, 2015, Plaintiffs objected, and on March 9, 2015, Defendants filed a reply. (Docs. 88 and 91). Having reviewed the Supplemental Application, the accompanying briefs, and relevant law, the Court denies Defendants' Supplemental Application.

   *I.*   *Background*

On August 23, 2013, Plaintiffs filed a First Amended Complaint (Doc. 4), alleging a Fourteenth Amendment procedural due process violation under 42 U.S.C. § 1983 (Count I), and breach of contract under New Mexico state law (Count II). (Doc. 4). On August 29, 2014, the Court granted Defendants' Motion for Summary Judgment on Plaintiffs' Section 1983 claim, finding no constitutionally protected property interest in the parties' License Agreements. (Doc.

74) at 17.  The Court also dismissed Plaintiffs' remaining Count II claims against Defendants Estevan Lopez and Tommy Mutz, in their official capacities.[1]  *Id.* at 10.

Furthermore, the Court undertook an analysis of whether Defendants were entitled to attorneys' fees and costs pursuant to Section 6 of the License Agreement.  *Id.* at 17.  The Court determined that Section 6, by its plain language, authorized Defendants' attorneys' fees and costs for "any action" Defendants undertook to enforce the License Agreements.  *Id.* at 18.  The Court, thus, concluded that Defendants were entitled to reasonable attorneys' fees and costs.  *Id.*

On September 9, 2014, Plaintiffs filed a Motion to Alter or Amend Judgment and Memorandum Brief in Support Thereof (Motion to Alter or Amend Judgment) wherein they requested that the Court amend its August 29, 2014, Memorandum Opinion and Order granting Defendants' attorneys' fees and costs.  *See* (Doc. 77).  On February 13, 2015, the Court granted the Motion to Alter or Amend Judgment and limited Defendants' award of attorneys' fees and costs to Plaintiffs' breach of contract claim.  (Doc. 85) at 6.  The Court further denied Defendants' Attorney Fee Application (Doc. 78) as moot.  *Id.*  Consequently, the Court granted Defendants fifteen (15) days to file a new application of attorneys' fees and costs.  *Id.*  Defendants now move in their Supplemental Application for attorneys' fees and costs in the amount of $56,350.59.  (Doc. 86).  Plaintiffs oppose the Supplemental Application in its entirety.  (Doc. 88).

II.  *Discussion*

Defendants bring this Supplemental Application arguing that the Court should award Defendants' fees and costs in the amount of $56,350.59.  (Doc. 86).  Defendants first argue they

---

[1]  In their summary judgment briefing, Plaintiffs voluntarily dismissed their claims in Count II against Defendant New Mexico Interstate Stream Commission, Defendant New Mexico Energy, Minerals and Natural Resources Division, and Defendants Estevan Lopez and Tommy Mutz, in their individual capacities.  (Doc. 74) at 9-10.

are entitled to the "majority" of fees and costs because the majority of their labor and costs were allocated to the defense of Plaintiffs' breach of contract claim. *Id.* at 6. Alternatively, Defendants contend they are entitled to at least fifty percent of the fees and costs in light of the results obtained. *Id.* at 7. Defendants rely on *Hensley v. Eckerhart*, which allows the Court to use its discretion in adjusting an award to account for a party's limited success. 461 U.S. 424, 437 (1983).

Plaintiffs object by relying on New Mexico state court procedural rule, Rule 1-054(D)(1) NMRA (2008), which states, in relevant part, "costs and other fees can only be recovered by a prevailing party." (Doc. 88) at 2. Plaintiffs argue that Defendants are not the prevailing party on the state breach of contract claim at this time and, accordingly, are not entitled to fees and costs. *Id.* at 1. Plaintiffs request the Court defer the fee issue to state district court because Defendants have not been named as the prevailing parties. *Id.* at 3.

In reply, Defendants claim that classification as the "prevailing party" is irrelevant to an award of costs and, thus, the Court should award all costs submitted in the Supplemental Application. (Doc. 91) at 1.

   A. *Whether Defendants are entitled to fees and costs*

A federal court which possesses original jurisdiction over a federal claim may use its discretion to exercise supplemental jurisdiction over state law claims. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). When a court decides to dismiss a plaintiff's federal claim, "the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc.*, 556

U.S. at 639.

In this case, the Court originally possessed federal question jurisdiction over the Section 1983 claim and supplemental jurisdiction over the state breach of contract claim. On August 29, 2014, the Court granted Defendants' Motion for Summary Judgment on Plaintiffs' Section 1983 claim finding no constitutionally protected property interest in the parties' License Agreement. (Doc. 74) at 17. As a result, the Court no longer possessed original jurisdiction; however, it retained supplemental jurisdiction to award Defendants' attorneys' fees and costs pursuant to the License Agreements.

The Court now declines to exercise jurisdiction over the subsequent application for attorneys' fees and costs. Because the initial matter was brought under federal question jurisdiction, the Court finds the New Mexico state procedural rule is inapplicable under the circumstances in this case. *See Erie r. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) (the court applies federal law in federal question jurisdiction cases and state substantive law in diversity jurisdiction); *see also Gannet Fleming West, Inc. v. Village of Angel Fire*, 375 F. Supp. 2d 1104, 1113 (D.N.M. 2004) (state court is in a better position to consider disputed state law when federal court declines to exercise supplemental jurisdiction). Thus, the Court need not determine if Defendants are the prevailing party in this matter. The Court determines that any award under the terms of the state License Agreement should be decided by the state court rather than this Court. "The court necessarily has discretion in making this equitable judgment." *Hensley,* 461 U.S. at 437. Accordingly, Defendants' Supplemental Application is denied.

IT IS, THEREFORE, ORDERED that Defendants' Supplemental Attorney Fee Application (Doc. 86) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE